UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EARL MERCER,

                Petitioner,

      -versus-

UNITED STATES OF AMERICA,

                Respondent.

12-CR-0863 (LAP)
14-CV-2628 (LAP)

ORDER

LORETTA A. PRESKA, SENIOR UNITED STATES DISTRICT JUDGE:

    Before the Court is Petitioner Earl Mercer's April 1, 2014 motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 based on ineffective assistance of counsel.  (Dkt. no. 1.)  Mr. Mercer argues that his lawyer (1) failed adequately to inform the Court at sentencing of Mr. Mercer's substance abuse problem and his minor role in the offense, resulting in an unwarranted prison sentence; and (2) improperly failed to appeal his sentence.  (Motion at 5-6.)

    Mr. Mercer's motion is denied because he waived his right to file this motion.  (See Memorandum of Law in Opposition to § 2255 Motion, dated June 24, 2014 ("Opp.") [dkt. no. 6].)  In his plea agreement, Mr. Mercer waived his right to appeal or collaterally attack a term of imprisonment of 37 months or less.  (See Memorandum of Law in Opposition to § 2255 Motion, dated June 24, 2014 ("Opp.") [dkt. no. 6], Ex. A. at 11.)  The Court sentenced Mr. Mercer to a 30 month term, thereby activating the

1

waiver. (See Opp. Ex. D at 12.) The record clearly shows that Mr. Mercer's waiver of his right to appeal or attack his sentence was knowing and voluntary, and Mr. Mercer does not contend otherwise. (See Opp. Ex. B at 5-7; Motion at 5-6.) Accordingly, the Court must enforce the plea agreement's waiver provision and deny Mr. Mercer's motion challenging his sentence.

Mr. Mercer's argument that his counsel was ineffective for failing to appeal his sentence is similarly meritless. The Court of Appeals has held that a defendant can claim ineffective assistance of counsel for failure to file a notice of appeal, notwithstanding the existence of an appeal waiver in the plea agreement. See, e.g., Campusano v. United States, 442 F.3d 770, 775 (2d Cir. 2006). Here, however, Mercer provided only an unsworn statement in his motion that "my attorney failed to appeal my case, even after repeatedly informing him to do so." (Motion at 5.) His attorney, on the other hand, submitted a sworn affidavit stating that he reviewed the appellate waiver provision with Mr. Mercer before the guilty plea and that Mr. Mercer never contacted him, let alone requested that he file a notice of appeal, after sentencing. (See Opp. Ex. E ¶¶ 3-5.) On that record, the Court rejects Mr. Mercer's argument that his counsel improperly failed to appeal his sentence. See Shef v. United States, No. 06 Civ. 2091 (ARR) (CLP), 2007 WL 812104, at *5 (E.D.N.Y. Mar. 14, 2007) (dismissing ineffective assistance

claim without a hearing based on the defense lawyer's sworn affirmation that he was never asked to appeal and petitioner's failure to submit evidence that he asked his lawyer to appeal).

For the foregoing reasons, Mr. Mercer's § 2255 motion is <u>DENIED</u>.  Finding that Mr. Mercer has not made a substantial showing of a denial of a constitutional right, no certificate of appealability will be granted.  The Clerk of the Court is directed to mail a copy of this order to Mr. Mercer and to mark the action closed and all pending motions denied as moot.

SO ORDERED.

Dated:   August 20, 2020
         New York, New York

*Loretta A. Preska*
_____
LORETTA A. PRESKA, U.S.D.J.